## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ARICKA CROSSLEY, | § | Civil Action No. |
| Plaintiff; | § | |
| | § | |
| v. | § | |
| | § | |
| TECHNICAL COLLEGE SYSTEM | § | |
| OF GEORGIA d/b/a ATLANTA | § | |
| TECHNICAL COLLEGE, | § | |
| DR. MURRAY WILLIAMS, | § | |
| CANDACE MARSHALL, | § | |
| MARISHA SINGLETON, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW**, Aricka Crossley ("Plaintiff") in the above styled action, by and through her undersigned counsel of record, Odis Williams of the Law Office of Odis Williams, and files and this her Verified Complaint for Damages and Injunctive Relief and shows this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331which authorizes to this Courts authority to adjudicate federal questions that may arise under the laws of the United States and the Constitution.

2.

This Court further has jurisdiction pursuant to 28 U.S.C. §1343, which authorizes this Court original jurisdiction over (a) any civil matter brought by a person to redress the deprivation under color of law any State statute, ordinance, regulation, right, immunity or privilege secured by the Constitution of the United States of America or by any act of Congress providing for equal rights of all citizens or all persons within the jurisdiction of the United States of America, and (b) any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights.

3.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b) as all Defendants are reside within this district or the events giving rise to the claims contained herein occurred within this district.

4.

The Plaintiff has exhausted all avenues of review available by the U.S Department of Education and the matter is accordingly ripe for this Court's review. A true and correct copy of the right to sue letter from the U.S. Department of Education is attached here and is marked as Exhibit "A".

## PARTIES

### 5.

Technical College System of Georgia ("TCSG") is a quasi-governmental agency that supervises 25 technical colleges and two technical divisions in the University System of Georgia. Atlanta Technical College ("ATC") is a unit of TCSG and is located at 1560 Metropolitan Parkway, SW, Atlanta, GA 30318 and may be served by virtue its Chief Executive Officer Gretchen Corbin at 1800 Century Place, NE, Suite 400, Atlanta, GA 30345-4304 pursuant to Fed. R. Civ. P. 4(j)(2).

### 6.

Dr. Murray Williams is the Vice President of Academic Affairs at ATC and may be served at 1560 Metropolitan Parkway, SW, Atlanta, GA 30318 or at any place where she may be located.

### 7.

Candace Marshall is employed as an instructor at ATC and may be served at 1560 Metropolitan Parkway, SW, Atlanta, GA 30318 or at any place where she may be located.

8.

Marisha Singleton is employed as an instructor at ATC and may be served at 1560 Metropolitan Parkway, SW, Atlanta, GA 30318 or at any place where she may be located.

## FACTUAL ALLEGATIONS

9.

Plaintiff realleges and incorporates by reference each and every preceding paragraph as is fully set forth herein.

10.

On or about May 2014, Plaintiff was enrolled as full time student at ATC pursuing a degree in dental hygiene. Plaintiff has been involved in the dental industry for a period of no less than eighteen (18) years prior to the filing of this litigation.

11.

Plaintiff had completed all but Eight (8) classes towards her degree and was set to graduate the following semester. Plaintiff was in fact passing all classes and was in good standing with the school by meeting all the requirements of the curriculum.

12.

On or about beginning August 2013 while being instructed by Candace Marshall and Marisha Singleton, Plaintiff endured a campaign of being sexually and

physically assaulted by Defendant Marshall and Defendant Singleton by slapping her on her rear end, by shaking her in front of other students during instruction, by making provocative sexual comments towards Plaintiff, by kissing Plaintiff against her will, by asking the Plaintiff to give massages, by touching Plaintiff in other unwanted ways, and by other means of unwanted touching perpetrated by Defendant Marshall and Defendant Singleton. Said assaults continued until May of 2014.

13.

Plaintiff complained to ATC and various members of the staff, including equity officers and other administrative staff members about the various assaults that she was enduring at the hands of various members of ATC staff, particularly Defendant Marshall and Defendant Singleton. Each complaint was ignored by ATC and the assaults continued.

14.

Plaintiff specifically made complaints to the Southern Association of Colleges and Schools ("SACSCOC"), the accrediting organization for schools recognized by the U.S. Department of Education. Plaintiff also specifically complained to the Commission on Dental Accreditation ("CODA"), the organization associated with accrediting the specific program related to dental education programs.

15.

Each complaint made by the Plaintiff was ignores and the torment that she endured at the hands of Defendant Marshall and Defendant Singleton continued. Plaintiff realizing that her complaints were falling on deaf ears finally made complaint to the City of Atlanta Police Department where they sought a criminal warrant application against Defendant Marshall and Defendant Singleton. Plaintiff was informed that the City of Atlanta Police Department lacked jurisdiction over matters occurring on ATC's campus and were directed to make their complaints to ATC Campus Police.

16.

On the police report that was generated regarding said complaints, Defendant Marshall admits to touching Plaintiff on the rear end, but stated that she had done so in a playful manner and did not intend to offend Plaintiff. The police also interviewed witnesses that substantiated the unwanted touching by Defendant in this matter. As Plaintiff and the other individuals being harassed by the Defendants, were directed back to ATC Campus Police, the complaints were disregarded in an effort to protect ATC staff members.

17.

On or about February 2014 and following complaints made by the Plaintiff, Defendant Marshall informed the Plaintiff individually and then specifically

threatened Plaintiff that if she did not cease and desist with her complaints related to her behavior that Plaintiff would suffer "grade misery". Plaintiff did in fact suffer "grade misery" by virtue the actions of Defendant Marshall and Defendant Singleton in that they began to alter your grades in a negative manner.

18.

Other staff members also began to alter Plaintiff's grades negatively despite the fact that the scores on the exams reflected passing, if not stellar, grades on the apart of the Plaintiff. Plaintiff's complaints regarding these alterations were largely ignored or met with pretextual excuses.

19.

Plaintiff was retaliated against by Defendant Williams, Defendant Marshall, and Defendant Singleton, as well as other instructors in the program, as a result of Plaintiff's complaints regarding the treatment that she received. Plaintiff was ultimately dismissed from the program and was prevented from enrolling in any dental hygiene program as of May 2014. Plaintiff was unable to enroll and has been deprived of her ability to pursue her chosen career field.

20.

Following the lodging of a complaint with the Office of Civil Rights of the Department of Education ("OCR"), where ATC was cited for failing to properly document and address allegations of sexual assault and other complaints, ATC on

January 31, 2017 offered Plaintiff the opportunity to re-enroll in the dental hygiene program only is she agreed to retake classes that she had previously passed. As an explanation for its requirement that Plaintiff retake said classes, ATC asserted that Plaintiff had been out of the program too long and that the integrity of the program required that she retake those classes.

21.

The conduct of ATC and the Defendants named herein have violated the civil rights of the Plaintiff and have caused her to be dismissed from the dental hygiene program. This dismissal, the unwanted assault, the failure to investigate and address instances of physical and sexual assault against students, the retaliation against the Plaintiff as a result of making said complaints, and the other unlawful conduct of the Defendants have given rise to the claims made within this Complaint.

22.

At all relevant times, ATC received federal funds as contemplated by Title IX, 20 U.S.C. §1681. ATC should have instituted policies and procedures for investigating the conduct by Defendants that led to the deprivations of Plaintiff's constitutional rights.

23.

Defendants failed to adhere to their duties to protect students of ATC from said constitution deprivation and in fact conspired in order to further prevent the

redress of those deprivations. The acts and conduct of ATC and the other named Defendants did, in fact promote and perpetuate said violations of the Plaintiff's rights.

24.

The Plaintiff therefore brings this action in order to redress those harms done and is seeking damages in an amount to be determined at trial. The Plaintiff does also seek injunctive relief from this Honorable Court compelling ATC to allow Plaintiff to complete her final courses without further interference and without the need to retake courses previously taken and passed.

## COUNT I - VIOLATION OF TITLE IX; 28 U.S.C. §1681, ET. SEQ.

25.

Plaintiff realleges and incorporates by reference each and every preceding paragraph as is fully set forth herein.

26.

The sex based harassment described herein were so pervasive, severe, objectionably offensive that they deprived the Plaintiff of access to educational opportunities or benefits provided by the ATC.

27.

ATC demonstrated a clear and deliberate indifference to the sexual assault of the Plaintiff. Said conduct subjected Plaintiff to a hostile educational environment

in violation of Title IX of the Education Amendments of 1972, 28 U.S.C. §1681(a)

("Title IX") because:

a) Plaintiff is a member of a protected class;

b) She was subjected to sexual harassment in the form of sexual assault by staff
   of ATC;

c) She was subjected to harassment as a result of her sex;

d) She was subjected to a hostile educational environment create by ATC's lack
   of policies and procedures and failure to properly investigate and/or address
   the sexual assault and subsequent harassment.

28.

The Defendants failed to promptly and appropriately respond to the alleged

sexual harassment, resulted in Plaintiff, resulted in Plaintiff, on the basis of sex,

being excluded from participation in, being denied the benefits of, and being

subjected to discrimination in violation of Title IX.

29.

Defendant ATC and its various agents had actual knowledge of sexual assault

and resulting harassment of Plaintiff created by its failure to investigate and

discipline offending agents in a manner consistent with federal law.

30.

Defendant failed to take immediate action, institute remedial steps to resolve the complaints of sexual harassment and instead acted with indifference to the initially complaints of the Plaintiff and later with deliberate retaliation towards the Plaintiff for making said complaints.

31.

Defendants further engaged in a pattern and practice of discriminatory conduct designed to discourage and dissuade students, particularly female students, from seeking prosecution and protection from Defendants as required by law.

32.

Plaintiff has suffered emotional distress, psychological damages, actual damages as a result of the harassment fostered as a direct and proximate result of the conduct of the Defendants in deliberate indifference to the Plaintiff's rights under Title IX.

## COUNT II-RETALIATION INVIOLATION OF TITLE IX; 28 U.S.C. §1681, ET. SEQ.

33.

Plaintiff realleges and incorporates by reference each and every preceding paragraph as is fully set forth herein.

34.

After complaining of the sexual harassment endured at the hands of the various members of ATC staff, namely Defendant Marshall and Defendant Singleton, ATC and its agents unleashed a campaign of harassment and retaliation that included but was not limited to grade alteration, public threats, and public embarrassment which ultimately lead to the dismissal of Plaintiff from the dental hygiene program at ATC and the refusal to allow her to enroll in any dental hygiene program in the state of Georgia for a period of three (3) years.

35.

ATC and its staff utterly failed to conduct any real investigation of the alleged assaults and discriminatory treatment suffered by Plaintiff at the hands of agents of ATC. At every turn, ATC actively engaged in a pattern and practice of deceit and cover up in order to avoid its responsibilities under Title IX.

36.

Plaintiff has suffered emotional distress, psychological damages, actual damages as a result of the harassment fostered as a direct and proximate result of the conduct of the Defendants in deliberate indifference to the Plaintiff's rights under Title IX.

## COUNT III – 1983 VIOLATIONS OF CIVIL RIGHTS, 42 U.S.C. §1983

37.

Plaintiff realleges and incorporates by reference each and every preceding paragraph as is fully set forth herein.

38.

Under the Fourteenth Amendment, Plaintiff had the right as a student to personal security and bodily integrity and Equal Protection of Laws the United States Constitution and 42 U.S.C. §1983.

39.

Defendants were all state actors acting under the color of state law.

40.

Defendants each subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by:

a) failing to investigate MM's misconduct; failing to appropriately discipline MM; failing to adequately train and supervise instructors at ATC; and

b) manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by said instructors and staff members;

c) The School District has and/or had unconstitutional customs or policies of

   i. failing to investigate evidence of criminal and tortious misconduct against Plaintiff and other ATC students in the nature

of violations of their right to personal security and bodily integrity;

ii. failing to adequately train and supervise ATC employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

41.

The School District's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

42.

Plaintiff has suffered emotional distress, psychological damages, actual damages as a result of the harassment fostered as a direct and proximate result of the conduct of the Defendants in deliberate indifference to the Plaintiff's rights under Title IX.

## COUNT IV-MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO SEXUAL ASSAULT (42 U.S.C. § 1983) [DEFENDANT ATC]

43.

Plaintiff realleges and incorporates by reference each and every preceding paragraph as is fully set forth herein.

44.

Defendants Williams, Marshall, and Singleton were "state actors" working for ATC, a federally funded institution of higher education acting under the color of law when refusing to respond to Plaintiff's sexual assault on school premises.

45.

Defendant failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

46.

Defendant knew or should have known that its response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

47.

Defendant violated Plaintiff's right to equal access by:

a) Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

b) Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

c) Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

d) Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

e) Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

f) Failing to notify both parties of the outcome of the complaint.

48.

Defendant violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements. These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

49.

Defendant actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, actual damages and her character and standing in her community have suffered from the harassment fostered as a result of Defendant ATC's deliberate indifference to her right to equal protection under the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the following relief:

(a) Award Plaintiff damages as to each cause of action, including all forms of damages available at law;

(b) Award Plaintiff damages for violations of Plaintiff's constitutional rights;

(c) Compensatory damages form Defendants in favor of Plaintiff in an amount to be determined by the enlightened conscience of a jury;

(d) Declare that Defendants violated Plaintiff's legal and constitutional rights by: (a) condoning sexual assault on students of ATC; (b) retaliating against students making complaints regarding sexual and physical assault; (c) detaining Plaintiff without probable cause to believe that he was involved in a criminal activity; (d) forcing Plaintiff to remain face-down and flat on the floor without probable cause, or an reasonable basis to suspect a threat to officer safety combined with reasonable suspicion; and (c) responding to Plaintiff's unconstructive communications with police with violence, and responding to Plaintiffs unobtrusive communications with police with violence, threats, or retaliatory action;

(e) Compel Defendants: (a) to reenroll Plaintiff in any technical school of her choosing to complete her last eight (8) hours towards her degree; (b) delete any negative remarks placed on her education record; (c) reinstate her actual grades prior to any alteration by ATC or its agents.

(f) Pre-judgement and post judgment interest;

(g) Reasonable costs and attorney's fees under 42 U.S.C §1988 and any other applicable provision of law;

(h) A trial by a jury of Plaintiff's peers; and

(i) Such other and further relief to which Plaintiff is entitled as the Court
may deem appropriate.

Respectfully submitted this 1st day of May, 2017.

**THE LAW OFFICE OF ODIS WILLIAMS, P.C.**

/s/ Odis Williams

_____

Odis W. Williams, Esq.
Georgia Bar No. 556272
*Attorney for Plaintiff*

1640 Powers Ferry Road SE
Building 20, Suite 300
Marietta, GA 30067
Phone: 770.575.4466
Fax: 877.329.8359
www.odiswilliamspc.com

EXHIBIT A



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS, REGION IV

61 FORSYTH ST., SOUTHWEST, SUITE 19T10
ATLANTA, GA 30303-8927

REGION IV
ALABAMA
FLORIDA
GEORGIA
TENNESSEE

November 28, 2016

Ms. Aricka Crossley
2705 Mall of Georgia Blvd. Apt 320
Buford, Georgia 30519

Re: Complaint #04-14-2424
Atlanta Technical College

Dear Ms. Crossley:

This is in response to your appeal dated, June 10, 2016 to the U.S. Department of Education, Office for Civil Rights (OCR) regarding the above-referenced complaint against Atlanta Technical College (College) by the Atlanta Office of OCR (OCR Atlanta).

After careful consideration of your appeal, I find that OCR Atlanta's determination to close your case alleging that the College subjected you to sexual harassment and race discrimination consistent with the laws and regulations enforced by OCR.   Accordingly, your appeal is denied.

This concludes OCR's consideration of your appeal and is the final agency determination.  Final agency determinations and regional office determinations are not formal statements of OCR policy and should not be relied upon, cited, or construed as such.  OCR's formal policy statements are approved by a duly authorized OCR official and are made available to the public.

You have now exhausted all avenues of review within the U.S. Department of Education.  You may have the right to file a private suit in federal court whether or not OCR finds a violation.

Sincerely,

Melanie Velez
Regional Director

EXHIBIT B



ATLANTA TECHNICAL COLLEGE

January 31, 2017

Ms. Aricka Crossley
1110 Ballpark Lane, No. 5308
Lawrenceville, Georgia 30043

Dear Ms. Crossley:

This correspondence is a follow-up to the meeting held on yesterday with Dr. Victoria Seals, you, and me subsequent to your request for readmission to the dental hygiene program. In this meeting, you were provided with the college's expectations upon your readmission into the dental hygiene program, effective fall 2017. The expectations we discussed are outlined below:

1.  The last semester that you attended the college was fall 2014. Because so much time has passed and to ensure that you have every opportunity to succeed in the dental hygiene program, you will be allowed to enroll in the dental hygiene program fall 2017 to audit program courses for fall 2017 and spring 2018. After which, you should be on track to begin new coursework in summer 2018.

2.  The fees for auditing the courses will be waived; however, you are expected to attend classes and to complete/submit all homework assignments. Beginning summer 2018, tuition and fees will be your financial responsibility.

3.  Your acceptance date into the dental hygiene program remains at 2013; however, moving forward, your courses will be evaluated based on the new grading policy, which states that a final grade of "C" or better is a passing grade for all courses. Please note that direct patient care coursework must be completed with an average grade of "B" or above to successfully demonstrate learning outcomes and continue in the dental hygiene program. Direct patient care is evaluated in these courses:
    *   DHYG 1111, Clinic I Lab
    *   DHYG 2020, Clinic II Lab
    *   DHYG 2090, Clinic III Lab
    *   DHYG 2140, Clinic IV Lab

4.  To ensure that you have a comfortable learning environment, you will receive "verbal" instruction only, not "physical contact" with the "verbal" instruction.

5.  You will be expected to complete all readmission requirements for the dental hygiene program such as a background check, drug testing, etc.

1560 Metropolitan Parkway, SW

Atlanta, Georgia 30310-4446

www.atlantatech.edu

WORKING SINCE 1967

Aricka Crossley
January 31, 2017
2

6. To ensure that you fully understand the requirements for re-entry into the dental hygiene program, you are to meet with the program coordinator. Please schedule a meeting with Ms. Marisha Singleton, during June 2017 so that you have enough time to complete the requirements before starting to audit courses during fall 2017.

Also during the meeting, you discussed previous allegations of discrimination and harassment that you brought against instructors in the dental hygiene program. Those allegations were investigated by the college and by the US Department of Education Office of Civil Rights (OCR). Neither investigation found evidence to substantiate claims of harassment; however, OCR did, in a resolution agreement, direct the college to revise the harassment and discrimination complaint procedure and to ensure appropriate investigative training for faculty and staff.

With that in mind, be assured that the decision to offer readmission to the dental hygiene program is determined on an individual student basis and at the discretion of the vice president of academic affairs.

I appreciate your taking the time to meet with the president and me. As stated in the meeting, you have seven days from the date of this letter to inform us of your intentions to re-enter the program based on the above-listed expectations.

Atlanta Technical College is committed to the positive development and academic achievements of every student in an environment conducive to learning and free of harassment. We encourage and support your success in your academic endeavors.

I look forward to hearing from you.

Sincerely,

Murray J. Williams, Ed. D.
Vice President of Academic Affairs

Cc:     Dr. Victoria Seals, President
         Dr. Katrina Walker, Academic Dean
         Dr. Joni J. Williams, Special Assistant to the President
         Ms. Linda Osborne-Smith, Esq., Technical College System of Georgia

VIA ELECTRONIC MAIL